HUGHES v. RUDY.

It is the province of the court to declare the legal effect of a contract proved by the uncontroverted testimony, there being no intimation of fraud or mistake.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Stanley county. HON. LORING E. GAFFY, Judge.

Action by John F. Hughes against Wilber F. Rudy, to recover upon a contract for services as an attorney. Judgment for plaintiff and defendant appeals. Affirmed.

*John A. Holmes,* for appellant.

*W. L. Shunk,* for respondent.

FULLER, J. The only issue of fact raised by the pleadings in this action to recover an attorney's fee of $2,500 is whether the defendant, who was charged with the crime of murder, retained plaintiff to conduct his defense for a specified sum, or pursuant to an agreement to pay reasonable compensation. The principal question of law presented by this appeal by the defendant from a judgment of $1,200 in

favor of plaintiff is whether the trial court was justified in practically withdrawing from the consideration of a jury everything but the determination of what, under all the facts and circumstances in evidence, constitutes good and reasonable compensation for the services rendered. In addition to respondent's testimony, admitted without objection, to the effect that his only agreement with appellant was for reasonable compensation, there was properly before the court and jury ample written evidence of a valid contract, signed in duplicate by respondent, and delivered to appellant, containing the following provision: "It being understood that I shall charge for my services good and reasonable compensation, taking into consideration all the circumstances of the case." While appellant testified as to prior negotiations with respondent and W. L. Shunk, Esq., who rendered him some assistance at the trial, and swore that a certain sum of money was agreed upon, he admitted repeatedly while upon the witness stand that in his own handwriting he finally agreed to pay respondent according to the reasonable value of his services. He says: "Well, I think I had the paper. I wrote a copy. This is my handwriting, saying that I agreed to pay reasonable fees." Speaking of what appears to be the last instrument executed, he says: "I signed a paper which I understood was in the nature of a receipt, saying that I agreed to pay Mr. Hughes reasonable fees." As the contract upon which respondent relied stood proved by all the circumstances, as well as the uncontroverted testimony of both parties to the action, and there was no intimation of fraud or mistake, it was not error for the court to declare its legal effect in its charge to the jury; and the verdict being for less than one-half the amount shown to be the reasonable value of the services performed, according to the lowest estimate of any witness testifying to the point, appellant has no just cause for complaint.

Every assignment of error urged by counsel for appellant has received careful consideration and we find nothing to justify a reversal. The judgment of the circuit court is affirmed.